UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURTIS J. COOK, and all other Washington residents who hold similar claims against the Defendant,<br><br>          Plaintiffs,<br><br>    v.<br><br>BISHOP, WHITE, MARSHALL & WEIBEL, P.S.,<br><br>          Defendant. | NO. CV-10-0320-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

    Before the Court, without oral argument, is Defendant Bishop, White, Marshall & Weibel, P.S.'s Motion to Change Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No. 12), which asks the Court to transfer this case to the Western District of Washington.  Plaintiff Curtis J. Cook opposes the motion.  After reviewing the submitted material and relevant authority, the Court is fully informed.  For the reasons given below, the Court grants Defendant's motion and transfers venue to the Western District of Washington.

ORDER ~ 1

Venue may be transferred "in the interest of justice" "[f]or the convenience of parties and witnesses . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The parties agree that this action could have been brought in either the Eastern District or Western District of Washington. The parties disagree, however, as to whether convenience and justice favor either of these Washington districts.

Plaintiff Cook filed this class-action Fair Debt Collection Practices Act (FDCPA) lawsuit in Spokane County Superior Court, alleging that Defendant's practice of including prospective certified copy and recording costs in its state-court cost bills violates the FDCPA. Defendant, a Seattle law firm doing collection work in both Washington districts, removed the lawsuit to federal court in the Eastern District of Washington.

With this background, the Court considers the following factors to determine whether venue should be transferred: 1) the district most familiar with the governing law; 2) Plaintiff's choice of district; 3) the parties' contacts with the district; 4) events in the chosen district related to the cause of action; 5) differences in cost of litigation between the two districts; 6) availability of compulsory process for non-party witnesses; and 7) ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

As to the first factor, both the Eastern District and Western District are equally familiar with the FDCPA.

ORDER ~ 2

Second, it is more convenient and less costly for Spokane-resident Plaintiff and his Spokane counsel if this action remains in the Eastern District. However, the parties acknowledge that both districts utilize electronic case filing and that this lawsuit will likely be resolved by dispositive motion. Accordingly, it is unlikely that the cost of litigation differs significantly between the two districts: the fifth factor.

Third, as a law firm doing collection work in both Washington districts, Defendant can easily travel to Eastern Washington.

Fourth, the events relating to Plaintiff Cook occurred in Spokane County. Plaintiff, however, is not only bringing this FDCPA lawsuit on behalf of himself; he is bringing it on behalf of all other Washington residents who hold similar claims against Defendant. If a class is certified, the proposed class members will be given notice and an opportunity to opt out. Fed. R. Civ. P. 23(c)(2). If a settlement is ultimately reached, class members will be given an opportunity to comment. Fed. R. Civ. P. 23(e)(5). It is undisputed that approximately eighty-percent of the Washington residents holding similar claims against Defendant reside in Western Washington and, therefore, approximately eighty-percent of Defendant's challenged cost-bill practices occurred in Western Washington.

Sixth, both Washington districts have a similar ability to compel the attendance of an unwilling nonparty witness given that the witnesses reside in Washington. Fed. R. Civ. P. 45(c)(3)(A)(ii).

ORDER ~ 3

Sventh, the ease of access to sources of proof are equal in both districts given that Defendant has filed collection activities in both districts.

Although this is a close question, the Court determines that the interests of justice favor a transfer to the Western District of Washington because the vast majority of proposed-class members reside in Western Washington. Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Change Venue Pursuant to 28 U.S.C. § 1404(a) **(ECF No. 12)** is **GRANTED**.

2. All pending motions are **DENIED AS MOOT**, and hearings **STRICKEN**.

3. The Clerk of the Court is directed to **CLOSE** this file and **TRANSFER** this matter to the Western District of Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this ___24th___ day of November 2010.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
                United States District Judge

Q:\Civil\2010\0320.venue.wpd

ORDER ~ 4